UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZION GRAE-EL, et al., | CASE NO. C21-1678JLR |
| Plaintiff, | ORDER |
| v. | |
| CITY OF SEATTLE, et al., | |
| Defendant. | |

## I.     INTRODUCTION

Before the court is a motion for court-appointed counsel brought by *pro se* Plaintiffs Zion Grae-El, Caprice Strange, and minor children A.G., A.S., Z.A.G., E.A.D., and E.M.D. (Mot. (Dkt. # 12).)[1] Plaintiffs include with their motion an application to proceed *in forma pauperis*. (*See id.* at 6-10.) Defendants the City of Seattle, Ryoma

---

[1] Plaintiffs also filed an "amended" motion for court-appointed counsel on December 30, 2021. (Am. Mot. (Dkt. # 19).) The filing makes the same request and appears to contain the same information and arguments as the initial motion. (*Compare* Mot., *with* Am. Mot.)

ORDER - 1

Nichols, and Daina Boggs oppose the appointment of counsel. (Resp. (Dkt. # 18).)[2] The court has reviewed Plaintiffs' motions, the relevant law, and the balance of the record. For the reasons stated below, the court DENIES both motions.[3]

## II. ANALYSIS

Generally, civil litigants have no right to have counsel appointed, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), or to proceed *in forma pauperis*, 28 U.S.C. § 1915(a). If "exceptional circumstances" warrant, a court may permit an indigent litigant to proceed with a claim *in forma pauperis*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986), or appoint counsel pursuant to 28 U.S.C. § 1915(e)(1), *Palmer*, 560 F.3d at 970. Whether the circumstances are exceptional enough to warrant appointed counsel requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate their claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these considerations is dispositive; instead, they must be viewed together. *Id.*

Plaintiffs' application to proceed *in forma pauperis* is accompanied by an accounting of their monthly income and expenses, which reveals that their monthly expenses are nearly equal to their approximately $4,600 monthly income. (*See id.* at 6-10.) However, *in forma pauperis* status is generally granted only where there is reason to think that the payment of court costs will imperil the plaintiff's ability to pay for the

---

[2] The remaining named Defendants did not submit a response. (*See generally* Dkt.)
[3] Plaintiffs request oral argument in their amended motion. (*See* Mot. at 1.) Because the court finds that oral argument would not aid its disposition of this motion, it declines to schedule argument. *See* Local Rules W.D. Wash. LCR 7(b)(4).

"necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). As this matter was removed to federal court by Defendants, no filing fee is implicated. Even if a fee were due, however, the court would deny Plaintiffs' motion because it does not appear from their affidavit that they lack sufficient income to pay any fees or costs associated with their case. Accordingly, the court DENIES Plaintiffs' application to proceed *in forma pauperis*.

Plaintiffs are also unable to establish that "exceptional circumstances" warrant the appointment of counsel. In particular, their motion fails to show that, in light of the complexity of the legal issues involved, they are unable to articulate their claims *pro se*. Indeed, their filings to date demonstrate the opposite—that they are quite capable of articulating their claims and bringing coherent motions before the court. (*See generally* Dkt.) Plaintiffs even represent that, should this case advance to trial, they "do not anticipate needing any legal representation" at that point. (*See* Mot. at 4.) Finally, Plaintiffs point to several factors, including expert testimony they believe will support their case, as a reason to conclude they are likely to succeed on the merits. (*See id.*) Plaintiffs' anticipated use of expert testimony provides further reason to think they are able to prosecute their case without court appointed counsel. At this early phase of the case, however, the court cannot conclude that Plaintiffs are likely to succeed on the merits of their case.

Accordingly, Plaintiffs have not demonstrated that this case involves the type of exceptional circumstances that warrant appointment of counsel by the court. For the same reason, the court determines that Plaintiffs' request for court-appointed counsel

should not be passed on to the pro bono screening committee for further review. *See* General Order No. 16-20, Section 3(c) (Dec. 8, 2020) (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions).

### III.  CONCLUSION

Based on the foregoing, the court DENIES Plaintiffs' motions to proceed *in forma pauperis* and for court-appointed counsel (Dkt. # 12). For the same reasons, the court also DENIES Plaintiffs' amended motion for court-appointed counsel (Dkt. # 19). Unless Plaintiffs retain counsel, they will be responsible for pursuing this case *pro se*. Materials to assist *pro se* litigants are available on the United States District Court for the Western District of Washington's website. Although the court affords some leeway to *pro se* litigants, Plaintiffs must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.

Dated this 10th day of January, 2022.

JAMES L. ROBART
United States District Judge