| IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
|---|---|
| **ZION GRAE-EL, CAPRICE STRANGE and minors Z.A.G, Z.W.G, E.A.D, E.M.D, A.S, and A.G.**<br><br>**Plaintiffs**<br>**V.**<br>**CITY OF SEATTLE, a municipal entity and political subdivision of the state of Washington; the SEATTLE POLICE DEPARTMENT, Ryoma Nichols, Daina Boggs; SEATTLE CHILDREN'S HOSPITAL, a non-profit Washington Corporation, Dr. Hannah Deming, Dr. Stanford Ackley, and Brenda Aguilar; STATE OF WASHINGTON, DEPARTMENT OF CHILDREN, YOUTH, AND FAMILIES, Annaliese Ferreria, Greg McCormack, Christine Spencer, Rosalynda Carlton, Derrick Reinhardt, Schawna Jones, Rebecca Webster, Rachel Zakopyko, Corey Grace, Stephanie Allison-noone, and Tabitha Pomeroy; OLIVE CREST, Sienna Bedford, Heather Hadfield, and Scott Hadfield; Seattle Public Schools, and Natalie Long**<br><br>**Defendants** | NO.  **2:21-cv-01678**<br><br>Motion to Dismiss HH, SH, OC, SB and minors AS, AG, EMD, EAD without prejudice<br><br><br><br>Oral argument requested |

The plaintiffs make a joint motion to dismiss A.S, A.G., E.M.D., E.A.D., Z.A.G., Olivecrest Foster Agency, Sienna Bedford, Scott Hadfield and Heather Hadfield without prejudice from this matter. This motion is brought in respect to:

1. Federal law prohibiting parents from representing their children.

2. Denial of court appointed counsel.

3. Additional claims being brought at a later time.

Plaintiffs have submitted a motion for preservation prior to this joint motion to dismiss. ZG has also agreed to the stipulated motion to dismiss with prejudice by SPS and Natalie Long prior to this motion to dismiss.

The minor plaintiffs in this case deserve to have the opportunity to pursue the claims when they are able. Due to the parents being unable to secure representation, and the court's denial of the Grae-El clan's application for court appointed counsel, the minors cannot remain in this matter. In the pursuit of justice, we ask the courts dismiss the above named individuals from this case without prejudice. Claims against the above named defendants are primarily regarding the minor plaintiffs.

Claims involved in this case have merit, and are supported by expert opinion, Exhibits, statements,  and actions taken by the parties involved. The related criminal matter involving ZG is in the court of appeals and is expected to be decided as soon as spring term. The allegations of corruption were made by not only the plaintiffs but former DCYF social worker Annaliese Ferreria during an interview related to the abuse allegations in this case. This case possesses questions of fact and questions of law regarding each plaintiff in this case.  There are specific

claims that pertain to the minor children, AS and ZAG especially. However it is worthy to note that CS and ZG both are claiming to have endured suffering and other hardships in relation to the aftermath of the actions of the defendants towards the minors children.

These allegations by the plaintiff's are not unusual, WA DCYF has a history of mistreatment of foster children. SPD has a history of excessive force. SCH has had issues with not following policy or standard procedures. They all have a history of Systemic racism.

In fact, legislation was recently changed regarding the removal of children from parents and the conditions that must be met. Here is the link to the Seattle times article:

https://www.seattletimes.com/seattle-news/washington-legislature-acts-to-reduce-number-of-children-removed-from-parents/

DCYF supports this legislation. Stating that in order to properly implement HB1227 "we must update this entire system to support a decision-making process that prioritizes safety and eliminates racial bias, both implicit and explicit" - Ross Hunter, DCYF secretary. Here is the link to the DCYF statement: https://content.govdelivery.com/accounts/WADEL/bulletins/2d6e142

When the minor plaintiffs were removed, the decision making process of DCYF and SPD did not "eliminate racial bias", they in fact utilized it.  The supplementary evidence in this matter is significant and supportive of the claims in the complaint.

Plaintiffs would like to make known that if motion to dismiss without prejudice is granted, an amended complaint will likely be filed with revised claims, plaintiffs, and defendants.

I ask the court to understand that I am learning how to navigate this litigation as it develops. I don't have a decade of academic experience in law, or even half of that amount of time. If I am

not properly stating something, I ask for your assistance in clarifying any misunderstandings.

This inexperience in litigation is a contributing reason for why ZG will always ask for oral

argument. This case has significant merit and I ask for you to grant this motion to dismiss

without prejudice.


DATED this 18th day of January, 2022

Zion Grae-El
5640 S Cedar St,
Tacoma,  WA, 98409
(206) 326-9160