UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZION T. GRAE-EL, et al.,<br><br>      Plaintiffs,<br> v.<br><br>CITY OF SEATTLE, et al.,<br><br>      Defendants. | CASE NO. C21-1678JLR<br><br>ORDER ON JOINT STIPULATED MOTION, MOTION FOR VOLUNTARY DISMISSAL, AND TO SHOW CAUSE |

Before the court are: (1) a joint stipulated motion to dismiss Plaintiff Zion Grae-El's claim against Defendants Seattle Public Schools and Natalie Long (the "SPS Defendants") with prejudice (Stip. Mot. (Dkt. # 32)); and (2) Plaintiffs'[1] motion to dismiss without prejudice (i) the minor Plaintiffs Z.A.G., E.A.D., E.M.D., A.S., and A.G., and (ii) Plaintiffs' claims against Olivecrest Foster Agency, Sienna Bedford, Scott Hadfield, and Heather Hadfield (Pls. Mot. (Dkt. # 37)).

---

[1] In addition to Mr. Grae-El, Caprice Strange, and minors Z.A.G., E.A.D., E.M.D., A.S., and A.G. are also named as Plaintiffs in this matter. (*See* Compl. (Dkt. # 1-1).)

ORDER - 1

1    The court GRANTS Plaintiffs' motion to dismiss without prejudice (i) the minor Plaintiffs Z.A.G., E.A.D., E.M.D., A.S., and A.G. and (ii) Olivecrest Foster Agency, Sienna Bedford, Scott Hadfield, and Heather Hadfield. (*Id.*) The court also GRANTS in part and DENIES in part the joint stipulated motion and DISMISSES with prejudice Mr. Grae-El's claims against the SPS Defendants.

However, because the claims against the SPS Defendants are brought by the entire "Grae-El clan," not just Mr. Grae-El, dismissal of the SPS Defendants from the action is not warranted. (*See* Compl. at 64.) Although the claims of the minor Plaintiffs are now dismissed without prejudice—including as to the SPS Defendants—Ms. Strange continues to assert a claim against the SPS Defendants. (*See id.*) Likewise, Plaintiffs' pending motion to preserve records implicates the claims and interests of Ms. Strange, in addition to those of Mr. Grae-El. (*See* Preservation Mot. (Dkt. # 27).) Thus, although the parties represent that the stipulated motion moots Plaintiffs' preservation motion (*id.*) and the SPS Defendants' motion to dismiss (SPS Mot. (Dkt. # 15)), that is not the case with respect to Ms. Strange's claims. (*See* Stip. Mot. at 1; Preservation Mot.; SPS Mot.) Accordingly, the court declines to address at this time what effect, if any, this order has on Plaintiffs' preservation motion or the SPS Defendants' motion to dismiss.

Additionally, the court observes that Plaintiffs' filings in this case are deficient as to Ms. Strange, who has not signed Plaintiffs' many submissions. (*See* Compl. at 68; *see also* Dkt.) Although Plaintiffs' filings are signed by Mr. Grae-El, he may not represent Ms. Strange because he is proceeding *pro se* and, as a non-lawyer, is not otherwise eligible to appear as counsel for Ms. Strange. *See Johns v. Cty. of San Diego*, 114 F.3d

874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for others than himself." (quotation marks omitted)).  Ms. Strange may participate in this matter by representing herself, if she wishes, but she must do so by signing "[e]very pleading, written motion, and other paper" and include her "address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a).

Accordingly, Plaintiffs are ORDERED to show cause why Ms. Strange should not be dismissed without prejudice from this action.  Plaintiffs must respond to this Show Cause Order by February 16, 2022.  Alternatively, Plaintiffs may, before February 16, 2022, correct their deficient filings through the process set forth under Local Rule 7(m), by filing praecipes that "specify by docket number the document being corrected" and attaching corrected filings signed by Mr. Grae-El and Ms. Strange.  *See* W.D. Wash. Local Rules LCR 7(m); (*see also* Dkts. ## 16, 22, 26, 27, 31).  Failure to timely respond will result in Ms. Strange's dismissal from this action without prejudice.

For the reasons given above, the court hereby ORDERS as follows:

(1) The parties' stipulated motion (Dkt. # 32) is GRANTED in part and DENIED in part and Mr. Grae-El's claims against the SPS Defendants are hereby DISMISSED with prejudice;

(2) Plaintiffs' motion to dismiss without prejudice (i) Plaintiffs Z.A.G., E.A.D., E.M.D., A.S., and A.G. and (ii) Defendants Olivecrest Foster Agency, Sienna Bedford, Scott Hadfield, and Heather Hadfield (Dkt. # 37) is GRANTED;

(3) Plaintiffs are ORDERED to show cause, by February 16, 2022, why Ms. Strange should not be dismissed without prejudice from this action for her failure to sign

the complaint and their other filings.  Alternatively, Plaintiffs may correct their deficient filings by February 16, 2022 through the process set forth under Local Rule 7(m); and

    (4)    The Clerk is directed to renote the following motions to February 16, 2022: (i) Defendants Seattle Children's Hospital, Brenda Aguilar, Hannah Deming, and Stanford Ackley's motion to dismiss (Dkt. # 10); (ii) SPS Defendants' motion to dismiss (Dkt. # 15); (iii) Plaintiffs' motion to remand (Dkt. # 16 (sealed)); and (iv) Plaintiffs' motion to preserve records (Dkt. # 27).

Dated this 19th day of January, 2022.

_____
JAMES L. ROBART
United States District Judge