1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    ZION T. GRAE-EL, et al.,                    CASE NO. C21-1678JLR

11                          Plaintiffs,           ORDER ON PLAINTIFFS'
                                                  MOTION FOR REMAND
                v.
12

13    CITY OF SEATTLE, et al.,

14                          Defendants.

15                          **I.    INTRODUCTION**

16          Before the court is Plaintiffs Zion T. Grae-El and Caprice Strange's (collectively,

17    "Plaintiffs") motion for remand of this case to King County Superior Court.  (*See* Mot.

18    (Dkt. # 16) at 2-3.[1])  Defendants the City of Seattle, Ryoma Nichols, and Daina Boggs

19

20          [1] When citing to Plaintiffs' motion, the court refers to the page numbers contained in the
      CM/ECF header.  Plaintiffs' motion is included in their response to Defendants Seattle
21    Children's Hospital ("Children's"), Brenda Aguilar, Dr. Hannah Deming, and Dr. Stanford
      Heath Ackley's motion to dismiss (Dkt. # 10).  The court will address that motion to dismiss in a
      separate order.  Additionally, although they ask "for a change in venue," it is clear that the relief
22    Plaintiffs seek is "for the case to be sent back to" King County Superior Court.  (*Id.* at 2.)  That is

ORDER - 1

(the "City Defendants") oppose remand (Remand Resp. (Dkt. # 33)), and are joined in their opposition by Defendants Dr. Hannah Deming and Dr. Stanford Heath Ackley (the "Physician Defendants") (Dkt. # 34); Defendants Seattle Children's Hospital and Brenda Aguilar (the "Children's Defendants") (Dkt. # 35); and Defendants the State of Washington, Department of Children Youth and Families ("DCYF"), Annaliese Ferreria, Greg McCormack, Christine Spencer, Rosalynda Carlton, Derrick Reinhardt, Schawna Jones, Rebecca Webster, Rachel Zakopyko, Corey Grace, Stephanie Allison-Noone, and Tabitha Pomeroy (collectively, the "State Defendants") (Dkt. # 36).  The court has considered the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised,[2] the court DENIES Plaintiffs' motion for remand.

## II.    BACKGROUND

This case arises from a report of suspected child abuse made by Natalie Long, an employee of Seattle Public Schools ("SPS"), to Child Protective Services ("CPS"), a component of DCYF.  (Compl. (Dkt. # 1-1) at 11.[3])  DCYF initiated an investigation into the suspected abuse, which ultimately resulted in Plaintiffs' children being removed from their home, and the commencement of a dependency action, as well as criminal

//

---

a matter implicating the court's ability to remand a case that was removed to it, *see* 28 U.S.C. § 1447(c), as opposed the court's ability to transfer a case's venue to a different federal court, *see* 28 U.S.C. § 1404(a).  Accordingly, the court construes Plaintiffs' request as a motion for remand.

[2] Plaintiffs have requested oral argument (*see* Mot. at 1), but the court concludes that oral argument would not be helpful to its disposition of the motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

[3] When citing to the complaint, the court refers to the page numbers contained in the CM/ECF header.

1    proceedings that culminated in Plaintiffs being charged and pleading guilty to multiple

2    counts of assault.  (*Id.* at 33.[4])

3         Plaintiffs initiated this action in King County Superior Court on or about

4    November 19, 2021 (*see* NOR (Dkt. # 1) ¶ 1) and sued many of the individuals and

5    entities that they interacted with throughout the course of this saga under 42 U.S.C.

6    § 1983 for allegedly violating their constitutional rights, and under Washington state law

7    for various forms of negligence (*see generally* Compl.).  Although Plaintiffs initially

8    purported to represent themselves and their five minor children *pro se* (*see* Compl. at 6),

9    they have since dismissed the minor children from this action without prejudice,

10   dismissed Mr. Grae-El's claims against the SPS Defendants with prejudice, and

11   dismissed their claims against Defendants Olivecrest Foster Agency, Sienna Bedford,

12   Scott Hadfield, and Heather Hadfield without prejudice.  (*See* 1/19/22 Order (Dkt. # 39).)

13        The City Defendants removed this matter from King County Superior Court on

14   December 16, 2021.  (*See* NOR at 1.)  Plaintiffs seek to have it remanded back to King

15   County.  (*See* Mot. at 2-3.)

16                              **III.    ANALYSIS**

17        Plaintiffs ask the court to remand their case principally because of their concern

18   that, if their claims are heard by a federal court, they will be prejudiced by a shorter

19   statute of limitations for their medical malpractice claims and by federal law limitations

20

21        _____

          [4] Plaintiffs allege that their guilty pleas were "extract[ed]" though "coercion,
     constitutional violations and malicious prosecution."  (*Id.* at 33.)  Mr. Grae-El's criminal
     proceeding remains on appeal in state court.  (*See* Preservation Mot. (Dkt. # 27) at 2 (noting Mr.
22   Grae-El's "pending criminal matter in the court of appeals").)

1  on their ability to sue certain Defendants in their individual capacities. (*See* Mot. at 2

2  (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)).) In the

3  alternative, Plaintiffs ask the court "to sever" and remand only their claims against the

4  Children's and Physician Defendants. (*Id.* at 3.)

5        Civil actions brought in a state court "may be removed by the defendant[s] . . . to

6  the district court of the United States for the district and division embracing the place

7  where such action is pending," 28 U.S.C. § 1441, "if the action could have been brought

8  in the district court originally," *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743,

9  747 (9th Cir. 1993) (citing 28 U.S.C. § 1441(a), (b)). Actions which implicate the court's

10 federal question jurisdiction, 28 U.S.C § 1331, or supplemental jurisdiction over state law

11 claims, *id.* § 1367, are properly removed to federal court. *See id.* § 1441. Federal courts

12 have "supplemental jurisdiction" over state law claims "that are so related" to the federal

13 claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). State

14 law claims "are part of the same 'case' as federal claims when they 'derive from a

15 common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be

16 expected to try them in one judicial proceeding.'" *Trustees of Constr. Indus. & Laborers*

17 *Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th

18 Cir. 2003) (quotation marks omitted) (quoting *Finley v. United States*, 490 U.S. 545, 549

19 (1989)).

20       Here, Plaintiffs allege that the various Defendants violated their constitutionally

21 protected rights. (*See* Compl. at 45, 48, 55, 62.) Plaintiffs also bring state law-based tort

22 claims against the Children's and Physician Defendants (*id.* at 45), and against SPS and

Ms. Long (the "SPS Defendants") (*id.* at 62), and allege that the State Defendants violated state law by placing AS and ZAG with an SPS staff member who reported the suspected abuse (*id.* at 59 (citing RCW 74.13.530)).  Plaintiffs do not contest that the court has original jurisdiction over their 42 U.S.C. § 1983 claims, through which they seek to vindicate the alleged violations of their constitutional rights.  (*See* Mot. at 2-3; *see also* 28 U.S.C. § 1331.  Whether the court also has supplemental jurisdiction over Plaintiffs' state law claims turns on whether those claims share a "common nucleus of operative fact" with the constitutional claims.  *See Trustees of Constr. Indus. & Laborers Health & Welfare Tr.*, 333 F.3d at 925.  The court concludes that they do.

Indeed, there is nearly complete overlap between the facts underlying Plaintiffs' constitutional tort claims and the facts underlying their state law tort claims.  For example, Plaintiffs' negligence claim against the SCH and Physician Defendants, like their constitutional claims, flows from the medical evaluation performed by Children's employees, including the Physician Defendants, to determine whether the children showed any physical signs of abuse.  (*See* Compl. at 45-48.)  Likewise, Plaintiffs' constitutional and negligence claims against the SPS Defendants all arise from the steps SPS employees took to report their suspicions of child abuse.  (*Id.* at 62-64.)  Finally, Plaintiffs rely on the same facts to support the substantive due process claim that they bring against the State Defendants as they do to support their claim that the State Defendants violated RCW 74.13.530.  (*See id.* at 55-60.)  Because Plaintiffs' state law based claims share a "common nucleus of operative fact" with their constitutional claims, the court has supplemental jurisdiction over those claims and removal to this court was

1    proper. *See Trustees of Constr. Indus. & Laborers Health & Welfare Tr.*, 333 F.3d at

2    925; *see also Erickson v. Countrywide Home Loans Inc.*, 540 F. App'x 799, 800 (9th Cir.

3    2013) ("The district court properly denied [plaintiff's] motion to remand because the

4    district court had federal question jurisdiction over [plaintiff's] federal claims and

5    supplemental jurisdiction over his state law claims that were part of the same case or

6    controversy.")

7         Moreover, Plaintiffs' concerns about having their claims heard in this court are

8    misplaced.  (SCH MTD Resp. at 2-3.)  In either forum, Washington state law will supply

9    the relevant statute of limitations. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir.

10   2004) ("In determining the proper statute of limitations for actions brought under 42

11   U.S.C. § 1983, we look to the statute of limitations for personal injury actions in the

12   forum state."); *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1030 (W.D.

13   Wash. 2011) (applying the three-year statute of limitations set forth in RCW 4.16.350 in

14   case involving "an injury arising from health care").  And Plaintiffs are not prohibited

15   from suing individual defendants in their individual capacities in federal court. *See Hafer*

16   *v. Melo*, 502 U.S. 21, 31 (1991) ("We hold that state officials, sued in their individual

17   capacities, are 'persons' within the meaning of § 1983.").[5]

18   //

19

---

20   [5] Plaintiffs' concern about an inability to sue individuals in federal court appears to stem
     from confusion about the holding of *Monell*.  (*See* SCH MTD Resp. at 2.)  In that case, the
     Supreme Court held that municipalities can be held liable under 42 U.S.C. § 1983 for infringing
21   federal rights through an official policy—that is, that they are "persons" within the meaning of
     section 1983. *See Monell*, 436 U.S. at 690.  However, *Monell* does not limit the ability of
     plaintiffs to sue individual officers in their individual capacities for allegedly violating their
22   federal rights under color of law. *See id.*; *see also Hafer*, 502 U.S. at 31.

ORDER - 6

Because Plaintiffs' claims were properly removed from state court, their motion for remand is DENIED (Dkt. # 16 at 2-3).  For the same reason, the court DENIES Plaintiffs' alternative request for remand of its claims against the Children's Defendants and Physician Defendants.  Plaintiffs voluntarily dismissed their claims against Ms. Hadfield and Mr. Hadfield (1/19/22 Order), so their request to have those claims severed and remanded to state court is DENIED as moot.

Dated this 28th day of February, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 7