1

2

3

4

5

6

7

8   UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   ZION T. GRAE-EL, et al.,                 CASE NO. C21-1678JLR

11                          Plaintiffs,       ORDER ON PLAINTIFFS'
                                              MOTION TO PRESERVE
12         v.                                 EVIDENCE

13   CITY OF SEATTLE, et al.,

14                          Defendants.

15                    **I.    INTRODUCTION**

16         Before the court is Plaintiffs Zion T. Grae-El and Caprice Strange's motion to

17   preserve evidence.  (Mot. (Dkt. # 27).)  Defendants Seattle Children's Hospital

18   ("Children's") and Brenda Aguilar (together, the "Children's Defendants") oppose the

19   motion.  (Resp. (Dkt. # 46).)  The Children's Defendants are joined in their opposition by

20   each of their co-Defendants, including Defendants the State of Washington Department

21   of Children Youth and Families ("DCYF"), Stephanie Allison-Noone, Rosalynda

22   Carlton, Annaliese Ferreria, Corey Grace, Schawna Jones, Greg McCormack, Tabitha

ORDER - 1

1   Pomeroy, Derrick Reinhardt, Rebecca Webster, and Rachel Zakopyko ("State

2   Defendants") (State Joinder (Dkt. # 47)); Defendants the Seattle Public Schools and

3   Natalie Long ("SPS Defendants") (SPS Joinder (Dkt. # 48)); Defendants the City of

4   Seattle, Daina Boggs, and Ryoma Nichols ("City Defendants") (City Joinder (Dkt. # 49));

5   and Defendants Dr. Stanford Ackley and Dr. Hannah Deming (Dr. Joinder (Dkt. # 50)).

6   The court has considered the parties' submissions, the relevant portions of the record, and

7   the applicable law.  Being fully advised,[1] the court DENIES Plaintiffs' motion to

8   preserve evidence.

9                           **II.     BACKGROUND**

10          This case arises out of a report of suspected child abuse made by Natalie Long, an

11   employee of Seattle Public Schools ("SPS"), to Child Protective Services ("CPS"), a

12   component of the DCYF.  (Compl. (Dkt. # 1-1) at 11.[2])  On November 28, 2018, Leslie

13   Meekins, a teacher at Dunlap Elementary School, became concerned that one of her

14   students—Ms. Strange's minor child, A.S.[3]—had been the victim of abuse.  (*See id.* at

15   11, 55.)  Ms. Meekins, who is required by state law to report instances of suspected

16   abuse, relayed her concerns to Ms. Long who, in turn, reported the suspected abuse to

17

18          [1] Plaintiffs request oral argument (Mot. at 1), but the court concludes that oral argument
will not be helpful to its disposition of the motion.  *See* Local Rule W.D. Wash. LCR 7(b)(4).

19          [2] When citing to the complaint and motion, the court refers to the page numbers
contained in the CM/ECF header.

20          [3] The minor children are referred to using their initials.  Ms. Strange is the biological
mother of A.G., A.S., and Z.A.G., who is also Mr. Grae-El's biological son.  (Compl. at 6.)  In
21   addition to Z.A.G., Mr. Grae-El is the biological father of E.A.D. and E.M.D.  (*Id.* at 5-7.)
Plaintiffs' minor children were originally named as plaintiffs but have been dismissed without
22   prejudice from this action.  (*See* 1/19/22 Order (Dkt. # 39) at 2.)

ORDER - 2

1  DCYF.  (*See id.*)  The report to DCYF resulted in DCYF and the Seattle Police

2  Department ("SPD") conducting a "safety assessment" at Plaintiffs' home.  (*Id.* at 12.)

3       The children were not removed from the home that evening but the following

4  morning, November 29, 2018, Ms. Ferreria, a DCYF employee, arrived at Dunlap

5  Elementary and called for SPD officers to place the children in protective custody.  (*Id.* at

6  15.)  Subsequently, each of the Plaintiffs' five children were taken to Children's where

7  medical examinations were conducted to assess whether they had any physical signs of

8  abuse.  (*Id.* at 25-28.)  Children's staff identified what they believed to be signs of abuse

9  and neglect and presented these findings to DCYF.  (*Id.* at 46.)  The children were then

10  removed from Plaintiffs' custody and either sent to a foster home in Bellingham,

11  Washington or to live with their other parent.  (*See id.* at 17.)  A dependency action was

12  initiated against Plaintiffs (*see id.* at 18, 21), who were also charged with, and pled guilty

13  to, multiple counts of assault (*id.* at 33).  Plaintiffs contend that their guilty pleas were

14  "extract[ed]" though "coercion, constitutional violations and malicious prosecution" (*id.*),

15  and are presently appealing those convictions in state court (*see* Mot. at 2).

16       Plaintiffs initiated this action in King County Superior Court on or about

17  November 19, 2021 (*see* NOR (Dkt. # 1) ¶ 1), alleging that many of the individuals and

18  entities with which they interacted violated their rights under federal and state law in the

19  course of investigating, reporting, and instituting legal proceedings relating to Plaintiffs'

20  suspected abuse of their children (*see generally* Compl.).

21  //

22  //

ORDER - 3

## III.   ANALYSIS

Plaintiffs seek an order compelling Defendants to preserve four categories of records until 2038, including:  (1) records in the possession of DCYF, SPD, or SPS that relate to investigations into allegations that Heather Hadfield, Scott Hadfield, Olivecrest Foster Agency, or Ms. Meekins abused A.S. or Z.A.G. while they were in foster care; (2) school records for each of the Plaintiffs' children maintained by SPS; (3) medical records relating to the children's examination at Children's maintained by Children's; and (4) any disciplinary records maintained by DCYF or SPD regarding the officials from those offices who were involved in investigating allegations that Plaintiffs had abused their children.  (*See* Mot. at 2-5.[4])

"Although federal courts have the implied or inherent authority to issue preservation orders as part of their general authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases, because of their very potency, inherent powers must be exercised with restraint and discretion."  *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, No. C12-2082JLR, 2013 WL 566949, at *12 (W.D. Wash. Feb. 13, 2013) (citing *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1071 (C.D. Cal. 2009)).  In ruling on motions to preserve evidence, some courts employ "a two prong test that requires the proponent to demonstrate that the order is necessary and not unduly

//

---

[4] Plaintiffs focus on preserving certain records until their youngest child turns twenty-one years old, but inconsistently describe the year in which that will occur.  (*Compare* Mot. at 2 (2038), *with id.* at 5 (2035).)  The court need not resolve this discrepancy, however, because the motion fails regardless of whether Plaintiffs seek an order compelling preservation until 2035 or 2038.

burdensome." *Id.* (citing *Am. Legalnet, Inc.*, 673 F.Supp.2d at 1071-72).  Other courts

use a three-factor balancing test that weighs:

> (1) the level of concern the court has for the continuing existence and
> maintenance of the integrity of the evidence in question in the absence of an
> order directing preservation of the evidence; (2) any irreparable harm likely
> to result to the party seeking the preservation of evidence absent an order
> directing preservation; and (3) the capability of an individual, entity, or party
> to maintain the evidence sought to be preserved, not only as to the evidence's
> original form, condition or contents, but also the physical, spatial and
> financial burdens created by ordering evidence preservation.

*Id.* (citing *Am. Legalnet, Inc.*, 673 F.Supp.2d at 1072).  "The difference between these

two tests lies in what the moving party must show with respect to the content of the

evidence that is in danger of being destroyed," although courts observe that "the

distinction is more apparent than real."  *Id.* (citing *Am. Legalnet, Inc.*, 673 F.Supp.2d at

1072).

Here, Plaintiffs' motion fails under either test.  First, Plaintiffs make no argument

that Defendants have lost or destroyed any evidence in this matter.  Rather, their

contention is that Defendants will destroy records at some future date pursuant to various

record retention regulations and policies before their non-party children are able to make

use of those records as part of a future lawsuit.  (*See, e.g.*, Mot. at 3 (citing WAC 110-30-

0210(4), which mandates that "[a]t the end of six years from the date of the completion of

an investigation of a report of child abuse or neglect, [DCYF] must destroy records

relating to unfounded or inconclusive reports"); *id.* at 4 (citing "Superintendent Procedure

3231AP(X)," which purportedly requires the annual destruction of student records that

"have met their specified retention period").)

1    Second, Plaintiffs make no argument that a preservation order would not be

2    burdensome to Defendants beyond the bald assertion it would not be "unduly

3    burdensome" because it "is in regards to records and not physical evidence." (*Id.* at 5.)

4    But the form in which records are stored cannot, without more, establish the degree of

5    burden imposed by a long-running preservation obligation. *See Fluke Elecs. Corp.*, 2013

6    WL 566949, at *13 (considering "the physical, spatial and financial burdens created by

7    ordering evidence preservation"). Indeed, adopting such a rule would substantially lower

8    the bar for granting a preservation order, in direct contravention of the Supreme Court's

9    admonition that "inherent powers," such as those governing issuance of preservation

10   orders, "must be exercised with restrain and discretion." *See Chambers v. NASCO,*

11   *Inc.*, 501 U.S. 32, 44 (1991).

12   Although the court DENIES Plaintiffs' motion for the potent relief of a

13   preservation order, Plaintiffs are not left without options. Defendants are obligated,

14   notwithstanding this order, to preserve evidence that they know or reasonably should

15   know "may be relevant to pending or future litigation." *Perez v. Cogburn*, No. C18-

16   1800JLR-BAT, 2020 WL 4922219, at *1 (W.D. Wash. Aug. 21, 2020). And the Federal

17   Rules of Civil Procedure provide Plaintiffs with a variety of tools for gathering that

18   evidence to support any cognizable claims they are able to state. *See* Fed. R. Civ. P. 26.

## IV.   CONCLUSION

20   For the foregoing reasons, Plaintiffs' motion to preserve evidence (Dkt. # 27) is

21   DENIED.

22   *//*

ORDER - 6

1    Dated this 10th day of March, 2022.

2

3

4                                                    JAMES L. ROBART
                                                     United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22