UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZION T. GRAE-EL, et al.,

     Plaintiffs,

  v.

CITY OF SEATTLE, et al.,

     Defendants.

CASE NO. C21-1678JLR

ORDER

## I.  INTRODUCTION

Before the court is the portion of Defendants Seattle Children's Hospital ("Children's"), Brenda Aguilar, Dr. Hannah Deming, and Dr. Stanford Ackley's (collectively, the "Children's Defendants") motion to dismiss that focuses on Plaintiffs Zion T. Grae-El and Caprice Strange's Fourteenth Amendment claim. (Mot. (Dkt. # 10) at 5-7; Reply (Dkt. # 28) at 2-4.) Plaintiffs oppose dismissal of that claim. (*See* Resp. (Dkt. # 16) at 8.) The Children's Defendants argue dismissal is appropriate in light of an immunity provision contained in the Victims of Child Abuse Reauthorization Act of 2018

("VCARA" or the "Act"), 34 U.S.C. § 20342(1).  (*See* Mot. at 5-7.)  At the direction of the court, the parties filed supplemental briefs addressing whether dismissal on that basis would give impermissible retroactive effect to VCARA's immunity provision. (Children's Suppl. Br. (Dkt. # 64); Pls. Suppl. Br. (Dkt. # 66); 3/1/22 Order (Dkt. # 57) at 20.)  The court has considered the briefing of the parties, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court DEFERS its ruling on the Children's Defendants' motion to dismiss and DIRECTS Plaintiffs to file supplemental briefing, as explained below.

## II.    BACKGROUND

The court has previously described the relevant facts.  (*See* 3/1/22 Order (Dkt. # 57) at 2-5.)  Plaintiffs proceed against the Children's Defendants under 42 U.S.C. § 1983 and allege that, in the course of evaluating their children to determine whether they had been abused or neglected, the Children's Defendants violated their Fourteenth Amendment rights to familial association, and also participated in a conspiracy to deprive Plaintiffs of their constitutional rights.  (*See id.* at 6-7; Compl. (Dkt. # 1) at 6, 47.)  The Children's Defendants moved to dismiss both claims, arguing that they were immune from federal liability under VCARA, 34 U.S.C. § 20342(1), and that Plaintiffs failed to state a claim for conspiracy.  (*See* Mot. at 5-8.)  The court agreed that Plaintiffs had failed to state a claim for conspiracy and dismissed that claim.  (*See* 3/1/22 Order at 11.)

//

---

[1] Plaintiffs have requested oral argument (*see* Resp. at 1), but the court concludes that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

1    The court concluded that the Children's Defendants' alleged conduct was covered

2    by VCARA's immunity provision, as a general matter.  (*See* 3/1/22 Order at 12-13.)  It

3    declined to decide whether VCARA should apply in this case, however, because doing so

4    would seemingly give that statute retroactive effect, the propriety of which raised an issue

5    of first impression the parties did not address in their initial briefing.  (*See id.*)

6    Accordingly, the court directed the parties to provide concurrent supplemental briefs

7    discussing whether dismissing Plaintiffs' Fourteenth Amendment claim on the basis of

8    VCARA's immunity provision would give impermissible retroactive effect to that

9    statutory provision.  (*Id.* at 13-14.)

10                               **III.    ANALYSIS**

11    The Children's Defendants argue that VCARA should extend to immunize pre-

12    enactment conduct because doing so "entirely lacks the sort of retroactive effect which

13    the Supreme Court has characterized as carrying the presumption of impermissibility."

14    (*See* Children's Suppl. Br. at 4 (citing *Sw. Ctr. For Biological Diversity v. U.S.D.A.*

15    ("*Southwest*"), 314 F.3d 1060, 1061 (9th Cir. 2002).)  Conversely, Plaintiffs argue that

16    the "general presumption against retroactivity" should govern here, and assert that

17    deviating from that presumptive outcome and applying VCARA retroactively would be

18    prejudicial.  (*See* Pls. Suppl. Br. at 2-3.)  The Children's Defendants additionally argue

19    that, even if VCARA's immunity provision does not apply, the court "may still dismiss

20    all of Plaintiffs' constitutional claims" because Plaintiffs have not alleged that "*conduct*

21    attributable to the [Children's] Defendants" deprived Plaintiffs of their Fourteenth

22    //

1  Amendment rights to familial association.  (*See* Children's Suppl. Br. at 4-6 (emphasis in

2  original).)

3          The court begins by considering whether the Children's Defendants are immune

4  under VCARA before turning to consider their alternative theory for dismissal of

5  Plaintiffs' Fourteenth Amendment claims.

6  **A.      Retroactive Application of VCARA Immunity, 34 U.S.C. § 20342(1)**

7          Deciding whether "a federal statute enacted after the events in suit" was meant to

8  apply retroactively, *Landgraf v. USI Film Productions*, 511 U.S. 244, 280 (1994),

9  requires the court to "confront the apparent tension between" the "rule that a court is to

10 apply the law in effect at the time it renders its decision, and the seemingly contrary

11 axiom that [r]etroactivity is not favored in the law," *see Republic of Austria v. Altmann*,

12 541 U.S. 677, 692 (2004) (internal quotation marks and citations omitted).  The court's

13 inquiry is guided by the test set forth in *Landgraf*, which directs the court to first

14 "determine whether Congress has expressly prescribed the statute's proper reach."

15 *Landgraf*, 511 U.S. at 280.  If Congressional intent is clear, "there is no need to resort to

16 judicial default rules."  *Id.*  If the statute's reach is not clear, "the court must determine

17 whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights

18 a party possessed when he acted, increase a party's liability for past conduct, or impose

19 new duties with respect to transactions already completed."  *Landgraf*, 511 U.S. at 280.

20 If applying the statute to pre-enactment conduct would have a retroactive impact, then the

21 court must apply the "traditional presumption" against retroactivity and apply the statute

22 only prospectively.  *Id.*

1    Neither the court nor the parties has identified statutory text that says whether

2    VCARA was meant to immunize conduct that occurred prior to its enactment.  *See* 34

3    U.S.C. § 20342(1); (*see also* Children's Suppl. Br. at 3; Pls. Suppl. Br. at 6).  Nor is the

4    court aware of any legislative history indicating whether Congress intended VCARA's

5    immunity provision to have retroactive effect.  *See, e.g.*, S. Rep. No. 115-432, at 2-3

6    (2018) (describing purpose of VCARA, as well as its immunity provision, but offering no

7    indication it was meant to apply retroactively).  Accordingly, "the court must determine

8    whether the new statute would have retroactive effect."  *Landgraf*, 511 U.S. at 280.

9    The Children's Defendants argue that applying VCARA to immunize their

10   pre-enactment conduct "entirely lacks the sort of retroactive effect" that is presumptively

11   impermissible.  (*See* Children's Suppl. Br. at 3-4.)  Specifically, they argue that extending

12   liability:   (1) "impairs no rights a party possessed when it acted," since the Children's

13   Defendants have long been compelled by state law to report suspected child abuse

14   regardless of whether they enjoyed federal immunity (*id.* at 3); (2) "does nothing to

15   increase a party's liability for past conduct or impose new duties with respect to

16   transactions already completed," but rather "reduces liability for" those who are obligated

17   to report suspected child abuse (*see id.* at 3-4 (emphasis omitted)); and (3) "disrupts no

18   settled expectations or reliance interest" because "[t]here is no societal expectation of

19   liability for good-faith action to protect children from abuse" (*id.* at 4).

20   What the Children's Defendants overlook, however, is the obvious fact that at the

21   time the abuse and neglect evaluations are alleged to have occurred, VCARA's immunity

22   provision presented no impediment to Plaintiffs seeking redress for alleged violations of

1    federal rights.  *See Scott v. Boos*, 215 F.3d 940, 949-50 (9th Cir. 2000) (identifying "the

2    definitive acts for purposes of" its retroactivity analysis as "the dates of the defendants'

3    conduct," and not the plaintiff's act of initiating litigation); *see also see* Pub. L. 115-424,

4    §3(b), 132 Stat. 5470 (Jan. 7, 2019); (Compl. at 25 (alleging evaluations occurred on

5    November 29-30, 2018).  If the Children's Defendants are retroactively covered by

6    VCARA's immunity provision, Plaintiffs cannot state a claim for Fourteenth Amendment

7    violations, regardless of whether the Children's Defendants are liable.  *See* 34 U.S.C.

8    § 20342(1); (*see also* 3/1/22 Order at 13).

9         In the Ninth Circuit, it is "clear that retroactively extinguishing a personal claim

10   that has already accrued" in this manner "implicates the strong presumption against

11   retroactivity under *Landgraf*."  *See Silver v. Penn. Higher Educ. Assistance Agency*, 706

12   F. App'x 369, 370 (9th Cir. 2017); *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1188 (9th

13   Cir. 2016) (declining to give retroactive effect to statute where doing so "would impair

14   [the] right to bring suit," if the plaintiff possessed a right to do so prior to statute's

15   enactment); *Scott*, 215 F.3d at 944-45 (concluding that the Private Securities Litigation

16   Reform Act "has retroactive effect because prior to" its enactment "a plaintiff had a

17   [Racketeer Influenced and Corrupt Organizations Act] claim based on a defendants'

18   alleged securities fraud, while afterwards a plaintiff does not"); *TwoRivers v. Lewis,* 174

19   F.3d 987 (9th Cir. 1999) (declining to apply statutory amendment establishing a shorter

20   statute of limitations retroactively because doing so would "deprive [plaintiff] of his right

21   //

22   //

1   to file suit" by "foreclosing a cause of action which existed prior to the amendment").[2]

2   Thus, as a matter of first impression, the court finds that allowing VCARA's immunity

3   provision to shield the Children's Defendants from liability for conduct alleged to have

4   occurred prior to VCARA's enactment would give that provision impermissible

5   retroactive effect.  The court must avoid that outcome by construing VCARA's immunity

6   provision to apply only prospectively.  *See Landgraf*, 511 U.S. at 280.

7         In arguing that applying VCARA does not raise retroactivity concerns, the

8   Children's Defendants principally rely on *Southwest*.  (*See* Children's Suppl. Br. at 3-4

9   (citing *Southwest*, 314 F.3d at 1060).)  In *Southwest*, plaintiffs requested data from a

10  federal agency and then filed suit under the Freedom of Information Act ("FOIA") when

11  the agency failed to provide a complete response.  *See Southwest*, 314 F.3d at 1061.

12  While the case was pending, Congress passed a statute that exempted some of the data

13  plaintiffs sought from disclosure under FOIA.  *Id.*  The district court rejected the

14  plaintiffs' argument that applying the newly created FOIA exemption to their request

15  would give it impermissible retroactive effect and dismissed plaintiffs' action.  *Id.*

16        In its brief opinion affirming the district court, the Ninth Circuit held that applying

17  the newly created FOIA exemption did not give it "impermissible retroactive effect"

18  //

---

19       [2] *See also Don't Waste Arizona Inc. v. Hickman's Egg Ranch Inc.*, No. CV-16-03319-

20  PHX-GMS, 2018 WL 4599730, at *3 (D. Ariz. Sept. 25, 2018) (finding that provision of "the FARM Act would have retroactive effect because it would deprive [plaintiff] of a pre-existing cause of action"); *Holte v. Steiner Corp.*, No. CIV.08-1329-AA, 2010 WL 1779965, at *4 (D.

21  Or. Apr. 27, 2010) (declining to apply "[r]ecent statutory revisions" to claims arising from pre-enactment conduct and noting that, per *Scott*, "the timing of defendant's conduct, rather than the

22  date the complaint is filed, controls the applicability analysis").

because the "action" taken by the plaintiffs "was merely to request or sue for information; it was not to take a position in reliance upon existing law that would prejudice [them] when that law was changed." *Id.* at 1062; *id.* at 1062 n. 1 (observing that a plaintiff's "expectation of success in its litigation is not the kind of settled expectation protected by *Landgraf*'s presumption against retroactivity"). In a subsequent opinion relying on *Southwest*, the Ninth Circuit emphasized that "that there is no impermissible retroactive effect under *Landgraf* in applying a new statute to a pending FOIA case through Exemption 3," because the act of "request[ing] information and fil[ing] suit" is not enough to show "reliance on then-existing law." *Ctr. for Biological Diversity v. U.S.D.A* ("*CBD*"), 626 F.3d 1113, 1117-18 (9th Cir. 2010). The Ninth Circuit focused on the fact that the intervening FOIA exemption "'affect[ed] the propriety of prospective relief,'" *i.e.*, the scope of records the agency could be enjoined to disclose, which, under *Landgraf*, is not a retroactive application. *See id.* at 1118 (quoting *Landgraf*, 511 U.S. at 273).

District courts interpreting *Southwest* have found its holding "limited . . . to the facts before it" or, at least, its reasoning inapplicable in cases that "concern[] the elimination of a private right of action by statutory amendment," *Phillips v. New Century Fin. Corp.*, No. SACV050692DOCRNBX, 2006 WL 517653, at *6 (C.D. Cal. Mar. 1, 2006); *see also Hogan v. PMI Mortg. Ins. Co.*, No. C 05-3851 PJH, 2006 WL 1310461, at *4 (N.D. Cal. May 12, 2006) (declining to apply statute to claim that arose from conduct that preceded the statute's enactment and finding that doing so would give impermissible retroactive effect to the statute by altering the legal consequences of the

1    pre-enactment conduct).  These courts rely instead on cases like *Scott*, which hold that

2    statutes should not be applied retroactively where doing so would bar claims that concern

3    pre-enactment conduct.  *See Hogan*, 2006 WL 1310461, at *5 (finding *Scott* to be "more

4    analogous" than *Southwest* when the issue presented is "whether the elimination of a

5    private right of action had impermissible effect").

6          The court follows suit and likewise declines to apply VCARA retroactively

7    because doing so substantively impairs Plaintiffs ability to pursue a federal cause of

8    action that is based on events occurring prior to VCRA's enactment.  *See Beaver*, 816

9    F.3d at 1188 (citing *Scott*, 215 F.3d at 946); *see also Landgraf*, 511 U.S. at 269-70

10   ("instructing the court to "ask whether the new provision attaches new legal

11   consequences to events completed before its enactment").  This result is not inconsistent

12   with *Southwest* or *CBD*.  Those cases are inapposite either because their narrow rules are

13   most relevant in the FOIA context, *see Phillips*, 2006 WL 517653, at *6, or because their

14   effect was to narrow the scope of available injunctive relief, *see CBD*, 626 F.3d at 1118,

15   which *Landgraf* establishes "is not retroactive," *see Landgraf,* 511 U.S. at 273 ("When

16   the intervening statute authorizes or affects the propriety of prospective relief, application

17   of the new provision is not retroactive.").  Applying VCARA to bar Plaintiffs' Fourteenth

18   Amendment claims would do more than merely limit the scope of prospective relief; it

19   would foreclose their claims altogether.

20         Accordingly, the Children's Defendants' motion to dismiss Plaintiffs' Fourteenth

21   Amendment claim based on VCARA's immunity provision is DENIED.

22   *//*

**B.     The Children's Defendants' New Arguments for Dismissal of Plaintiffs'
Fourteenth Amendment Claims**

The Children's Defendants alternatively argue that, even if VCARA's immunity

provision does not apply, the court "may still dismiss all of Plaintiffs' constitutional

claims" because Plaintiffs' allegations do not "attribute any conduct to the [Children's]

Defendants that constitutes a violation of their federal rights." (Children's Suppl. Br. at

5.) This argument exceeds the scope of the court's request for "concurrent supplemental

briefs on the question of whether dismissing [Plaintiffs' Fourteenth Amendment] claim

on the basis of VCARA's immunity provision, 34 U.S.C. § 20342(1), would give

impermissible retroactive effect to that statutory provision." (*See* 3/1/22 Order at 13-14.)

Moreover, the Children's Defendants did not raise this argument in their motion to

dismiss or reply brief. (*See* Mot. at 8 (arguing that dismissal is required because they

"are immune from liability under federal law, and even if they were not, Plaintiffs fail to

state a claim for conspiracy under § 1983"); *see also* Reply at 2-4.) Just as the "court

need not consider arguments raised for the first time in a reply brief," it need not consider

uninvited arguments raised for the first time in a supplemental brief. *See Zamani v.

Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). The court is especially wary of doing so here,

where the Plaintiffs, who are proceeding *pro se*, would have no opportunity to consider

and respond to the Children's Defendants' new arguments if the court ruled on them now.

Accordingly, the court DEFERS its ruling on dismissal of Plaintiffs' Fourteenth

Amendment claims and the Children's Defendants' request for an award of costs and

reasonable attorney's fees. The court further DIRECTS Plaintiffs to respond to the

1    Children's Defendants' arguments in favor of dismissing their Fourteenth Amendment

2    claims, which are raised on pages 4-6 of the Children's Defendants' supplemental brief.

3    (*See* Children's Suppl. Br. at 4:18-6:5.)  Plaintiffs shall file a supplemental brief of no

4    more than four (4) pages in length within seven (7) days of the date of this order.  Neither

5    party shall file further briefs unless ordered to do so by the court.

6                                    **IV.    CONCLUSION**

7            For the foregoing reasons, the court again DEFERS ruling on the Children's

8    Defendants' motion to dismiss, as well as its request for an award of costs and reasonable

9    attorney's fees (Dkt. # 10).  The court further DIRECTS Plaintiffs to respond to the

10   Children's Defendants' arguments in favor of dismissing their Fourteenth Amendment

11   claims, which are raised on pages 4-6 of the Children's Defendants' supplemental brief.

12   (*See* Children's Suppl. Br. at 4:18-6:5.)  Plaintiffs shall file a supplemental brief of no

13   more than four (4) pages in length within seven (7) days of the date of this order.  Neither

14   party shall file further briefs unless ordered to do so by the court.

15           Dated this 4th day of April, 2022.

16

17

18           JAMES L. ROBART
             United States District Judge

19

20

21

22

ORDER - 11