UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZION T. GRAE-EL, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>CITY OF SEATTLE, et al.,<br><br>               Defendants. | CASE NO. C21-1678JLR<br><br>ORDER ON MOTION FOR RECONSIDERATION |

## I.    INTRODUCTION

Before the court is Defendant Seattle Children's Hospital's ("Children's") motion for reconsideration of one aspect of the court's March 1, 2022 order on Children's motion to dismiss. (Mot. (Dkt. # 65); Reply (Dkt. # 70); *see also* 3/1/22 Order (Dkt. # 57).) Plaintiffs Zion T. Grae-El and Caprice Strange (collectively, "Plaintiffs") oppose the motion. (Resp. (Dkt. # 69).) The court has considered the parties' submissions, the

//

//

ORDER - 1

relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Children's motion for reconsideration.

## II. ANALYSIS

In its March 1, 2022 order, the court granted in part and denied in part a motion to dismiss Plaintiffs' claims filed by Children's, Brendan Aguilar, Dr. Hannah Deming, and Dr. Stanford Ackley. (*See* 3/1/22 Order at 20.) The court denied the motion as to Plaintiffs' *respondeat superior* claim against Children's because the court concluded that RCW 26.44.060—the immunity statute on which Ms. Aguilar, Dr. Deming, and Dr. Ackley's dismissal was based—provides immunity that is personal and, thus, did not apply to Children's as their employer. (*See id.* at 17-18; *see also* Compl. (Dkt. # 1-1) at 45-46 (alleging that Children's is liable based on the substandard care provided by its employees).) Children's now seeks reconsideration of that ruling. (*See generally* Mot.)

In this district, "[m]otions for reconsideration are disfavored" and courts "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h). Children's does not raise "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence," but rather seeks reconsideration to remedy "manifest error." *See* Local Rules W.D. Wash. LCR 7(h)(1);

//

---

[1] Plaintiffs have requested oral argument (Resp. at 1), but the court concludes that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

1  (*see also* Mot. at 3-4).  Specifically, Children's argues that the court's decision to not

2  dismiss Plaintiffs' *respondeat superior* claim constituted "clear error" in light of

3  Washington Court of Appeals cases "extended[ing] RCW 26.44.060's specific statutory

4  immunity to [Children's]."  (*See id.* at 3-4 (first citing *Miles v. State, Child Protective*

5  *Servs. Dep't*, 6 P.3d 112 (Wash. Ct. App. 2000); then citing *Grennan v. Children's*

6  *Hosp.*, ___ P.3d ___, 2001 WL 76959 (Wash. Ct. App. 2001); and then citing *Yuille v.*

7  *State Dep't of Soc. & Health Servs.*, 45 P.3d 1107 (Wash. Ct. App. 2002).)

8        RCW 26.44.060 provides immunity from civil liability for "any person

9  participating in good faith in the making of a report . . . , or otherwise providing

10 information or assistance, including medical evaluations or consultations, in connection

11 with a report, investigation, or legal intervention pursuant to a good faith report of child

12 abuse or neglect."  RCW 26.44.060.  The court previously concluded that this statutory

13 provision did not protect Children's from *respondeat superior* liability in light of

14 Washington Supreme Court case law "holding that '[p]ersonal immunities granted

15 employees cannot reach the separate actions of their employer,' and so '[a]n agent's

16 immunity from civil liability generally does not establish a defense for the principal.'"

17 (3/1/22 Order at 18 (quoting *Babcock v. State*, 809 P.2d 143, 156 (Wash. 1991)

18 ("*Babcock II*") (citing Restatement (Second) of Agency § 217 (1958))).)

19       Children's now argues that the *Babcock II* holding is properly cabined to cases

20 applying common-law immunities to governmental employers.  (*See* Mot. at 3 (citing

21 *Babcock II*, 809 P.2d at 156).)  Children's motion to dismiss did not challenge whether it

22 was operating under color of law for purposes of Plaintiffs' 42 U.S.C. § 1983 claims,

thus, even if *Babcock II*'s holding is limited to immunity for governmental employers, that does not necessarily foreclose its application to Children's given the allegations and posture of the case. (*See* 3/1/22 at 6 n.6.) More persuasive is Children's argument that *Babcock II*'s limitation on immunity for *respondeat superior* liability was based on its balancing of controlling "policy considerations," *Babcock II*, 809 P.2d at 156. (*See* Mot. at 3.)

Children's now cites several Washington Court of Appeals cases that strike that balance in favor of immunity from *respondeat superior* liability for employers, like Children's, in the specific context of RCW 26.44.060's statutory grant of immunity. (*See id.* at 3-4 (first citing *Miles*, 6 P.3d 112; then citing *Grennan*, 2001 WL 76959; and then citing *Yuille*, 45 P.3d 1107).) The facts of *Miles*, *Grennan*, and *Yuille* are very similar. In each of those cases, parents alleged that Children's and healthcare providers employed by Children's had negligently diagnosed their children with Munchausen's syndrome by proxy ("MSBP") and, on that basis, reported possible parental abuse. *See Yuille*, 45 P.3d at 1110; *Miles*, 6 P.3d at 117-18; *Grennan*, 2001 WL 76959, at *2.

The courts considered "[t]he purpose behind the immunity" established by RCW 26.44.060, which they found was "to encourage those in the position to suspect child abuse to report it." *See, e.g.*, *Yuille*, 45 P.3d at 1111 (citing *Whaley v. State, Dep't of Soc. & Health Servs.*, 956 P.2d 1100, 1105 (Wash. Ct. App. 1998)); *Grennan*, 2001 WL 76959, at *7 (recognizing that "the injury to parents from reporting suspected abuse that ultimately is not provided can be great, including . . . temporary loss of custody of a child" but observing that "the Legislature sought to protect the paramount interests of

ORDER - 4

children" by enacting RCW 26.44.060).  Although none of these cases expressly discuss *respondeat superior* liability, each found that RCW 26.44.060 provided immunity from liability to the diagnosing physician and his employer, Children's, which was not alleged to have participated in the tortious conduct except through the acts of its employee.  *See Yuille*, 45 P.3d at 1112; *Miles*, 6 P.3d at 121; *Grennan*, 2001 WL 76959, at *7.  Thus, the inescapable conclusion is that the *Yuille*, *Miles,* and *Grennan* courts found that immunity under RCW 26.44.060 extends to shield an employer from *respondeat superior* liability where its employee has acted in good faith.  *See id.*

Plaintiffs' attempt to distinguish these cases on their facts is unavailing.  (*See* Resp. at 3-4 (discussing *Miles* and *Grennan*).)  These cases—in which a healthcare provider employed by Children's made an allegedly negligent diagnosis indicative of parental abuse and then reported that finding to child welfare authorities—are factually analogous to Plaintiffs' case in all relevant respects.  *See Yuille*, 45 P.3d at 1108-1110; *Miles*, 6 P.3d at 115; *Grennan*, 2001 WL 76959, at *6.  Likewise, Plaintiffs' argument that RCW 26.44.060 should not apply to Children's because its agents did not act in good faith is unpersuasive.  (*See* Resp. at 5-7.)  The court previously found that Plaintiffs failed to allege a lack of good faith because they alleged, "at most, . . . that [Ms. Aguilar, Dr. Deming, and Dr. Ackley] were negligent in conducting their examination of the children."  (*See* 3/1/22 Order at 16.)  Allegations of negligence are not enough to defeat immunity under RCW 26.44.060.  (*Id.* ("Even if the Children's Defendants were negligent, however, they are still immune from liability under RCW 26.44.060.")); *see also Miles*, 6 P.3d at 121 ("Assuming without holding that Dr. Feldman negligently

diagnosed MSBP, he and Children's are immune from liability as a matter of law.").

Neither the parties nor the court has identified any Washington Supreme Court authority directly addressing the applicability of RCW 26.44.060 to *respondeat superior* liability claims. (*See generally* Mot.; Resp.; Reply.) In the absence of such controlling guidance, "the court looks to existing state law to predict how the Washington Supreme Court would resolve the question." *See Lacey Marketplace Assocs. II, LLC v. United Farmers of Alberta Co-op. Ltd.*, 107 F. Supp. 3d 1155, 1158 (W.D. Wash. 2015) (citing *Ticknor v. Choice Hotels Int'l, Inc.,* 265 F.3d 931, 939 (9th Cir. 2001)). Accordingly, the court concludes that the approach taken in *Yuille*, *Miles*, and *Grennan* reflects the current state of Washington law on this matter, and thus, finds that RCW 26.44.060 applies to shield Children's from *respondeat superior* theory liability where its employees have participated in good faith in the reporting or investigation of suspected child abuse. *See Yuille*, 45 P.3d at 1111-12.

Accordingly, to avoid the "manifest error" that would result if Children's is denied the qualified immunity afforded by RCW 26.44.060 at this early juncture of the litigation, Children's motion for reconsideration is GRANTED. *See* Local Rules W.D. Wash. LCR 7(h); *see also Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (emphasizing "that qualified immunity questions should be resolved at the earliest possible stage of a litigation").

//

//

//

ORDER - 6

### III. CONCLUSION

For the foregoing reasons, Children's motion for reconsideration (Dkt. # 65) is GRANTED and Plaintiffs' *respondeat superior* claim against Children's is DISMISSED without prejudice.

Dated this 21st day of April, 2022.

JAMES L. ROBART
United States District Judge