UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZION T. GRAE-EL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SEATTLE, et al., <br><br> Defendants. | CASE NO. C21-1678JLR <br><br> ORDER |

## I.  INTRODUCTION

Before the court is the portion of Defendants Seattle Children's Hospital ("Children's"), Brenda Aguilar, Dr. Hannah Deming, and Dr. Stanford Ackley's (collectively, the "Children's Defendants") motion to dismiss that focuses on Plaintiffs Zion T. Grae-El and Caprice Strange's Fourteenth Amendment claim.  (Mot. (Dkt. # 10) at 5-7; Resp. (Dkt. # 16) at 8; Reply (Dkt. # 28) at 2-4.)  The court deferred ruling on this portion of the Children's Defendants' motion in order to receive supplemental briefing from the parties addressing whether dismissal of Plaintiffs' Fourteenth Amendment

ORDER - 1

1  claims under the immunity provision contained in the Victims of Child Abuse

2  Reauthorization Act of 2018 ("VCARA" or the "Act"), 34 U.S.C. § 20342(1), would give

3  that statute impermissible retroactive effect.  (*See* 3/1/22 (Dkt. # 57) at 20.)  After

4  reviewing the parties' supplemental briefing, the court declined to dismiss Plaintiffs'

5  Fourteenth Amendment claims on the basis of VCARA and requested a further

6  supplemental brief from Plaintiffs responding to the Children's Defendants' newly raised

7  argument that Plaintiffs had failed to allege conduct that would violate the Fourteenth

8  Amendment altogether.  (*See* 4/4/22 Order (Dkt. # 71) at 11; Children's Suppl. Br. (Dkt.

9  # 64) at 4-6; Pls. Suppl. Br. (Dkt. # 66).)  Plaintiffs have responded and oppose dismissal

10  on that basis.  (Pls. 2d Suppl. Br. (Dkt. # 72).)

11      The court has considered all of the parties' submissions, the relevant portions of

12  the record, and the applicable law.  Being fully advised,[1] the court GRANTS the

13  Children's Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment claim.

14  **II.  ANALYSIS**

15      Plaintiffs allege that, in the course of conducting the medical evaluations of their

16  children, the Children's Defendants violated their Fourteenth Amendment rights of

17  familial association.  (Compl. (Dkt. # 1-1) at 47.)  The Children's Defendants now argue

18  that the court should dismiss this claim because Plaintiffs "cannot attribute any conduct

19  to the Moving Defendants that constitutes a violation of their federal rights."  (*See*

20  //

---

21  [1] Plaintiffs have requested oral argument (*see* Resp. at 1; Pls. Suppl. Br. at 1; Pls. 2d
22  Suppl. Br. at 1), but the court concludes that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

Children's Suppl. Br. at 5.)  Specifically, the Children's Defendants argue that the examination of the children without their parents in attendance states a claim, if at all, against the Seattle Police Department ("SPD") officers responsible for placing the children in protective custody.  (*Id.*)  The Children's Defendants further argue that, even if they could be liable for separating the children from their parents, the subsequent initiation of legal proceedings against Plaintiffs "severs the chain of liability" against them, absent allegations that they exercised or interfered with the Washington Department of Youth, Children & Families' ("DCYF") prosecutorial discretion.  (*See id.* at 5-6 (first citing *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008); and then citing *Capp v. Cty. of San Diego*, F3d 1046, 1060 (9th Cir. 2019)).)

"The Supreme Court has stated that 'the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court.'"  *Keates v. Koile*, 883 F.3d 1228, 1235-36 (9th Cir. 2018) (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion)).  "[T]he right to familial association" has "both a substantive and a procedural component."  *Id.*  Thus, "[w]hile the right is a fundamental liberty interest, officials may interfere with the right if they provide the parents with fundamentally fair procedures."  *Id.* (citations and quotation marks omitted); *Woodrum v. Woodward Cty., Okl.*, 866 F.2d 1121, 1124 (9th Cir. 1989) ("A parent's interest in the custody and care of his or her children is a constitutionally protected liberty interest, such that due process must be afforded prior to a termination of parental status.").  However, only "[o]fficial conduct that 'shocks the conscience' in

//

depriving parents of [a relationship with their children] is cognizable as a violation of due process.'" *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).

Plaintiffs allege that the Children's Defendants interfered with their familial association rights when they examined their children using substandard interview tactics; omitted information from their eventual report to DCYF that might have suggested an innocent explanation for markings on the children; allowed inexperienced healthcare providers to participate in medical evaluations without adequate supervision; and, ultimately, arrived at incorrect findings that they relayed to DCYF. (*See* Compl. at 26-27, 45-47; *see also* Pls. 2d Suppl. Br. at 2 (emphasizing same).) Even if these allegations suggest that the Children's Defendants were negligent (3/1/22 Order at 12), "[m]ere negligence or lack of due care by . . . officials in the conduct of their duties" is not sufficient to "trigger the substantive due process protections of the Fourteenth Amendment." *Woodrum*, 866 F.2d at 1126 (dismissing 42 U.S.C. § 1983 claim where officials were alleged to have negligently, and in violation of state law, removed a child from their home). And notwithstanding Plaintiffs' assertion that the Children's Defendants engaged in "gross medical negligence" or "intentional malice" (Pls. 2d Suppl. Br. at 2), none of the facts Plaintiffs allege in their complaint suggests that the Children's Defendants engaged in "conduct that 'shocks the conscience'" during their evaluation of the children, *Wilkinson*, 610 F.3d at 554. (*See* Compl. at 26-27, 45-47.)

Moreover, Plaintiffs do not allege that the Children's Defendants were responsible for removing the children and placing them into protective custody. (*See* Compl. at 26-27, 45-47; *see also* Pls. 2d Suppl. Br. at 4 (arguing that "SPD remov[ed] the children

unconstitutionally and DCYF [brought] them to the [emergency room] without emergency needs]").) Rather, all they allege the Children's Defendants did was relay their examination findings to DCYF, which opened "[a]n additional [i]nvestigation," and to SPD, which "utilized photos, statements, and findings from [the Children's Defendants]" in their prosecution of Plaintiffs. (*See* Compl. at 46.) But Plaintiffs do not allege that the Children's Defendants exercised any control over whether DCYF and SPD took these steps and being "subjected to an investigation" is not, on its own, "cognizable as a violation of the liberty interest in familial relations." *See Capp v. Cty. of San Diego*, 940 F.3d 1046, 1060 (9th Cir. 2019) (affirming dismissal of Fourteenth Amendment claim where the plaintiff failed to allege that he "actually lost custody of his children as a result of Defendants' alleged misconduct").

Accordingly, Plaintiffs' Fourteenth Amendment claim for a deprivation of their familial association rights without due process is DISMISSED without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Children's Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment claim (Dkt. # 10) is GRANTED and that claim is DISMISSED without prejudice. Further, because the court has fully addressed each of the dispositive motions filed against the original complaint, Plaintiffs are ORDERED to file an amended complaint, if any, within thirty (30) days of the date of this order.

Plaintiffs may amend any claims against any defendant that have been dismissed without prejudice. In doing so, Plaintiffs should be mindful of the deficiencies identified by the court and should focus on alleging non-conclusory factual statements that will

support each element of their claims.  A longer complaint will not necessarily be a successful one; indeed, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  Plaintiffs must also comply with the court's local rules, including its rules for formatting pleadings and other filings.  *See* Local Rules W.D. Wash. LCR 10(e).  Finally, while the names of minor children must be reduced "to the initials," *see id.* LCR 5.2(a)(2), Plaintiffs should otherwise use initials or other abbreviations only sparingly in order to enhance the clarity of their submissions to the court.

Dated this 22nd day of April, 2022.

_____

JAMES L. ROBART
United States District Judge