The Honorable James L. Robart

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZION GRAE-EL, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, et al.,<br><br>　　　　　Defendants. | NO. 2:21-cv-01678-JLR<br><br>DEFENDANTS' JOINT MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b)<br><br>NOTED FOR CONSIDERATION:<br>JANUARY 27, 2023 |

## I.　RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 54(b), Defendants City of Seattle, Ryoma Nichols, and Daina Boggs (the "City Defendants"), Seattle Children's Hospital, Brenda Aguilar, Dr. Stanford Ackley and Dr. Hannah Deming (collectively, the "SCH Defendants"), Washington State Department of Children, Youth, and Families and several State employees ("DCYF Defendants"), and Seattle Public Schools and Natalie Long ("SPS Defendants") (collectively, the "moving defendants") respectfully request that this Court enter final judgment as to all of plaintiffs' claims against them.

///

///

DEFS. JOINT MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b) - 1
(Case No. 2:21-cv-01678-JLR)

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

## II. FACTS

Plaintiffs filed a complaint for damages against the City Defendants and more than twenty other parties on November 5, 2021 in King County Superior Court. (*See* Dkt. # 1 at 2.) The City Defendants removed it to this Court on December 16. (*Id.*) The City Defendants filed a Motion for Judgment on the Pleadings which this Court granted on April 18, 2022. (Dkt. # 73). Plaintiffs filed an amended complaint alleging various federal and state law claims against the City Defendants, Seattle Children's Hospital, and the DCYF Defendants on May 22. (Dkt. # 77-1 at 99-102.) The SCH Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which this Court granted with prejudice on July 26. (Dkt. # 86.) The City Defendants filed their Motion for Summary Judgment as to all the claims against them, which this Court granted on August 23. (Dkt. # 88.) The DCYF Defendants likewise filed their Motion for Summary Judgment as to all the claims against them, which this Court granted on November 8 (Dkt. # 099) and December 5. (Dkt. # 101.). Mr. Grae-El's claims against the SPS Defendants were dismissed with prejudice. (Dkt. # 39.) Ms. Strange was ordered to show cause show cause why any claims she may have against the SPS Defendants should not be dismissed with prejudice for failure to prosecute (Dkt. # 103), and she did not respond by the January 3, 2023 deadline.

## III. EVIDENCE RELIED UPON

The moving defendants rely upon the pleadings and papers already before this Court.

## IV. AUTHORITY AND ARGUMENT

When an action "presents more than one claim for relief" or when "multiple parties are involved," the Court has discretion to direct entry of final judgment "as to one or more, but fewer

DEFS. JOINT MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b) - 2
(Case No. 2:21-cv-01678-JLR)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

than all, claims and parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Courts of Appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. Once an order is final, a party may file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).

In determining whether to exercise its discretion to grant final judgment as to some but not all of the claims in an action, this Court follows a two-step process. First, the Court determines that the judgment is "final," in that it represents an ultimate disposition of an individual claim (or claims) entered in the course of a multiple claims action. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460 (1980). Second, the Court determines whether there is any just reason for delay. *Id* at 8. In analyzing this question, the Court considers "whether the claims under review [are] separable from others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once" in case of a subsequent appeal. *Id*. In addition to these judicial administrative interests, the Court considers the equities of the parties involved. *Id*. Courts are not foreclosed from entering final judgment on claims with overlapping facts, but the policy against piecemeal appeals means that they must be presented with an important reason to do so. *Wood v. GCC Bend, LLC*, 442 F.3d 873, 882 (9th Cir., 2005). The granting of a summary judgment motion is generally a final judgment for the purposes of Rule 54(b) with respect to the claims at issue in that motion. *SEC v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1084-85 (9th Cir. 2010). Ultimately, the decision as to whether certain finally decided claims should be severed off for the purposes of streamlining litigation is a pragmatic one vested in the sound discretion of the Court. *Continental*

DEFS. JOINT MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b) - 3
(Case No. 2:21-cv-01678-JLR)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

*Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.3d 1519, 1525 (1987).

First, there is no doubt that the orders this Court has entered concerning the moving defendants are final orders for the purposes of Rule 54(b). The grants of summary judgment with respect to all the claims against the Seattle and DCYF Defendants terminates those claims. *SEC*, 617 F.3d at 1084-85. Similarly, because all the claims against the SCH Defendants have been dismissed with prejudice, as a practical matter they cannot be litigated again in this action.

There is also no just reason to delay entry of judgment in the moving defendants' favor. The Court's Order granting the City Defendants' summary judgment motion resolved all the claims brought by plaintiffs against the City Defendants. (Dkt. #88.) As a factual matter, the City's involvement in this incident effectively began and ended with SPD's investigation of the abuse allegations by Officer Jones and Officer Nichols on November 28 and 29. (Dkt. # 88 at 2-9). Similarly, the claims against the SCH Defendants are confined to, and arise out of, the time that the Grae-El children were at Seattle Children's Hospital, and are factually distinct from the conduct of all other defendants. (Dkt. # 77-1 at 22-31.) Finally, while there is overlap between the DCYF employees' conduct and that of SPD (to the extent that SPD officers were present at the same time as DCYF employees during some of the interactions with the Grae-El family), all those issues have likewise been factually briefed and decided already. (*See* Dkt. # 099 and # 101.) Likewise, all claims against the SPS Defendants have been resolved and are subject to dismissal with prejudice. (*See* Dkt. # 39 & 103.)

Finally, there are significant practical benefits to be had by entering final judgment for the moving defendants. This litigation has generated a multiplicity of overlapping and confusing

DEFS. JOINT MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b) - 4
(Case No. 2:21-cv-01678-JLR)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

claims against numerous parties. Any subsequent litigation of this matter will be greatly simplified by granting finality to this Court's orders terminating litigation against these four sets of defendants, against whom the majority of plaintiffs' claims were pled. (*See generally* Dkt. # 77-1.) To the extent that any further claims remain to be resolved, this Court will save judicial resources by severing off the already-decided claims against the moving defendants, clarifying any remaining issues for subsequent litigation.

## V.     CONCLUSION

This Court has wide discretion to enter judgment pursuant to Fed. R. Civ. P. 54(b) where the interests of judicial economy and the streamlining of litigation so warrant. Moreover, entry of judgment as to the claims against some, but fewer than all parties is proper when the rulings at issue are final, and where there is no just reason to delay the entry of judgment. Here, by granting entry of judgment for the moving defendants, this Court would significantly streamline any future litigation by severing off numerous, finally decided claims and permitting only those claims remaining (if any) to be litigated in future proceedings. The moving defendants respectfully request that this Court enter judgment pursuant to Fed. R. Civ. P. 54(b).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFS. JOINT MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b) - 5
(Case No. 2:21-cv-01678-JLR)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

DATED this 6th day of January, 2023.

CHRISTIE LAW GROUP, PLLC

By  */s/ John W. Barry*
ROBERT L. CHRISTIE, WSBA #10895
JOHN W. BARRY, WSBA #55661
2100 Westlake Ave. N., Ste. 206
Seattle, WA 98109
Tel:    206-957-9669
Fax:    206-352-785
Email: bob@christielawgroup.com
           john@christielawgroup.com
Attorneys for City of Seattle, Ryoma Nichols and Daina Boggs

JOHNSON, GRAFFE, KEAY, MONIZ & WICK, LLP

By  */s/ Kate Craddock*
DONNA M. MONIZ, WSBA #12762
KATE CRADDOCK, WSBA #54655
925 Fourth Avenue, Suite 2300
Seattle, WA 98104
Tel: (206) 223-4770
Email: monizd@jgkmw.com
           katec@jgkmw.com
Attorneys for Seattle Children's Hospital and Brenda Aguilar

By  */s/ Michelle S. Taft*
MICHELLE S. TAFT, WSBA #46943
EVANGELINE ZHOU, WSBA #54313
925 Fourth Avenue, Suite 2300
Seattle, WA 98104
Tel: (206) 223-4770
Email: taftm@jgkmw.com
           zhoue@jgkmw.com
Attorneys for Dr. Stanford Ackley and Dr. Hannah Deming

DEFS. JOINT MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b) - 6
(Case No. 2:21-cv-01678-JLR)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

ROBERT W. FERGUSON
Attorney General

By    */s/ Timothy E. Allen*
      TIMOTHY E. ALLEN, WSBA #29415
      Assistant Attorney General
      Torts Division
      800 Fifth Avenue, Suite 2000
      Tel: (206) 464-7352
      Fax: (206) 587-4229
      Attorney for State of Washington; Department of Children, Youth, and Families; Annaliese Ferreria; Greg McCormack; Christine Spencer, Rosalynda Carlton; Derick Reinhardt; Schawna Jones; Rebecca Webster; Rachel Zakopyko; Corey Grace; Stephanie Allison-Noone; and Tabitha Pomeroy

MORGAN, LEWIS & BOCKIUS LLP

By    */s/ Andrew DeCarlow*
      DAMON C. ELDER, WSBA #46754
      ANDREW DECARLOW, WSBA #54471
      1301 Second Avenue, Suite 2800
      Seattle, WA 98101
      Phone: (206) 274-6400
      Email: damon.elder@morganlewis.com
             andrew.decarlow@morganlewis.com
      Attorneys for Seattle Public Schools and Natalie Long

DEFS. JOINT MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b) - 7
(Case No. 2:21-cv-01678-JLR)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January, 2023, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the Court's ECF system, which will give notice to all participating counsel of record below:

Zion Grae-El
5640 S. Cedar St.
Tacoma, WA 98409
*Plaintiff, Pro Se*

Caprice Strange
5640 S. Cedar St.
Tacoma, WA 98409
*Plaintiff, Pro Se*

Donna M. Moniz, WSBA #12762
Kate Craddock, WSBA #54655
JOHNSON, GRAFFE, KEAY, MONIZ & WICK, LLP
Seattle Children's Hospital
925 Fourth Avenue, Suite 2300
Seattle, WA 98104
*Attorneys for Defendant Seattle Children's Hospital and Brenda Aguilar*

Damon C. Elder, WSBA #46754
Andrew DeCarlow, WSBA #54471
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Attorney for Seattle Public Schools
*Attorneys for Defendants Seattle Public Schools and Nathalie Long*

Michelle S. Taft, WSBA #46943
Evangeline Zhou, WSBA #54313
JOHNSON, GRAFFE, KEAY, MONIZ & WICK, LLP
925 Fourth Ave., Suite 2300
Seattle, WA 98104
*Attorneys for Defendants Dr. Hannah Deming and Dr. Stanford Heath Ackley*

///

///

DEFS. JOINT MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b) - 8
(Case No. 2:21-cv-01678-JLR)

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Timothy E. Allen, WSBA #29415
Assistant Attorney General
Attorney General Office of Washington
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104

*Attorney for State of Washington; Department of Children, Youth and Families; Annaliese Ferreria; Greg McCormack; Christine Spencer; Rosalynda Carlton; Derrick Reinhardt; Schawna Jones; Rebecca Webster; Rachel Zakopyko; Corey Grace; Stephanie Allison-Noone; and Tabitha Pomeroy*

CHRISTIE LAW GROUP, PLLC

By  */s/ John W. Barry*
JOHN W. BARRY, WSBA #55661
2100 Westlake Ave. N., Ste. 206
Seattle, WA 98109
Tel:    206-957-9669
Fax:    206-352-7875
Email: john@christielawgroup.com
Attorneys for City of Seattle, Ryoma Nichols and Daina Boggs

DEFS. JOINT MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b) - 9
(Case No. 2:21-cv-01678-JLR)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669